722 S.E.2d 522

**In the Matter of Dannitte Mays DICKEY, Respondent.**

**No. 27090.**

Supreme Court of South Carolina.

Submitted Dec. 30, 2011.

Decided Feb. 1, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Bogan Law Firm, of Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of a letter of caution, admonition, or public reprimand. In addition, respondent agrees to complete the Legal Ethics and Practice Program Ethics School and Advertising School within six (6) months of the date of the order imposing discipline. We accept the agreement, issue a public reprimand, and order respondent to complete the Legal Ethics and Practice Program Ethics School and Advertising School within six (6) months of the date of this order. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent graduated from law school in 2008. He was admitted to the Bar in May 2010 and completed his mandatory trial experiences in July 2010.

Upon admission, respondent opened a solo practice, handling primarily domestic and criminal matters. Between July 2010 and July 2011, respondent consulted with 93 potential clients. He opened 79 client files and resolved 25 cases by settlement, guilty plea, or completion of non-litigation legal work (i.e., drafting a deed). Representation of 15 of the opened files ended without resolution of the clients' legal

matters. As of July 2010, respondent had never handled any matter involving contested litigation to jury verdict.

In August 2010, respondent began using a law firm website at www.divorcelawyercolumbia.com. In December 2010, respondent added a website at www.dmd-law.net to his law firm marketing. Respondent began using these websites without adequate review of the relevant provisions of the South Carolina Rules of Professional Conduct.

The websites contained the following rule violations:

1. material misrepresentations of fact and omissions of facts necessary to make the statements considered as a whole not materially misleading by mischaracterizing respondent's legal skills and prior successes; falsely stating he handled matters in federal court; falsely stating he graduated from law school in 2005; and, listing approximately 50 practice areas in which he had little or no experience;

2. statements likely to create unjustified expectations about the results respondent could achieve;

3. statements comparing respondent's services with other lawyers' services in ways which could not be factually substantiated; and

4. descriptions and characterizations of the quality of respondent's services.

In addition, respondent set up internet profiles on various online directories and professional marketing sites, including www.lawyers.com, www.lawguru.com, and www.linkedin.com. Respondent relied on company representatives who were lawyers and non-attorney web designers who assured him that the advertisements would comply with respondent's ethical requirements. Respondent did not review the applicable provisions of the South Carolina Rules of Professional Conduct prior to posting the internet profiles. As a result, respondent's internet profiles contained the following:

1. material misrepresentations of fact by overstating and exaggerating respondent's reputation, skill, experience, and past results;

2. a form of the word "specialist" even though respondent is not certified by this Court as a specialist;

3.  statements likely to create unjustified expectations about the results respondent could achieve; and

4.  descriptions and characterizations of the quality of respondent's services.

## *LAW*

██ Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, specifically, Rule 7.1(a) (lawyer shall not make false, misleading, or deceptive communications about the lawyer or the lawyer's services; a communication violates this rule if it contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading); Rule 7.1(b) (lawyer shall not make false, misleading, or deceptive communications about the lawyer or the lawyer's services; a communication violates this rule if it is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law); Rule 7.1(c) (lawyer shall not make false, misleading, or deceptive communications about the lawyer or the lawyer's services; a communication violates this rule if it compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated); Rule 7.2(f) (lawyer shall not make statements in advertisements or written communications which describe or characterize the quality of the lawyer's services);[1] and Rule 7.4(b) (lawyer who is not certified as a specialist shall not use any form of the word "specialist" in any advertisement or statement). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

██ We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for

---

1.  By order dated August 22, 2011, the Court deleted the prohibition on describing or characterizing the quality of a lawyer's services from the Rules of Professional Conduct.

504

Discipline by Consent and publicly reprimand respondent for his misconduct. Respondent shall complete the Legal Ethics and Practice Program Ethics School and Advertising School within six (6) months of the date of this order.

PUBLIC REPRIMAND.

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.